# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
            **Plaintiff,**

            **v.**                                                          **Case No. 01-CR-203, 02-CR-36**

**SOLOMON BANKHEAD,**
            **Defendant.**

---

## DECISION AND ORDER

Defendant Solomon Bankhead moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's recent amendments to the crack cocaine guidelines. Because defendant was sentenced under the career offender and armed career criminal guidelines, not the crack guideline, his motion must be denied.

## I. BACKGROUND

Defendant pleaded guilty to felon in possession of a firearm and distribution of 50 grams or more of crack cocaine.[1] The pre-sentence report ("PSR") set a base offense level of 24 on the firearm count under U.S.S.G. § 2K2.1(a)(2) (2001),[2] then added 2 levels because the gun had an obliterated serial number, § 2K2.1(b)(4), and 4 levels because defendant possessed the gun in connection with another felony offense, § 2K2.1(b)(5), for a total level of 30. On the drug count, the PSR set a base offense level of 32 based on a drug weight of 123.7 grams of crack cocaine, U.S.S.G. § 2D1.1(c)(3), with no additional offense characteristics.

---

[1]The offenses were charged in separate indictments, but I consolidated the cases for disposition and sentencing.

[2]All guidelines cited in the Background section of this decision are from the 2001 version, which was in effect at the time I sentenced defendant.

However, the PSR then determined that defendant qualified as a career offender on the drug count, producing a base offense level of 37 under U.S.S.G. § 4B1.1(A), and as an armed career criminal on the firearm count, likewise producing a base level of 37 under U.S.S.G. § 4B1.4(b)(2). Following a 3 level reduction for acceptance of responsibility, § 3E1.1, and coupled with his criminal history category of VI, the PSR recommended a range of 262-327 months imprisonment. I adopted these guideline calculations, and on June 5, 2002, sentenced defendant to 262 months on each count to run concurrently. On August 23, 2005, I reduced the sentence by 4 levels to 168 months on the government's Fed. R. Crim. P. 35(b) motion.[3]

## II. DISCUSSION

Section 3582(c)(2) supplies a narrow exception to the general rule that a district court may not revisit a sentence after the time periods in Fed. R. Crim. P. 35 have expired. United States v. Lawrence, Nos. 08-1856 et al., 2008 WL 2854151, at *3 (7th Cir. July 25, 2008). The statute provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). As the Seventh Circuit recently explained, § 3582(c)(2) represents a jurisdictional grant in a "class of cases," i.e. those in which "a defendant has been

---

[3]Rule 35(b)(4) allowed a reduction below the fifteen year minimum otherwise required on the firearm count under 18 U.S.C. § 924(e).

sentenced to a term of imprisonment and the guideline range has subsequently been lowered by the Commission." See Lawrence, 2008 WL 2854151, at *3, *4.

The Commission recently lowered offense levels in crack cases by 2 and designated the changes for retroactive application. See U.S.S.G. § 1B1.10(c) (May 1, 2008) (Amendments 706, 711, 715). Thus, crack defendants are generally eligible for sentence reductions under 18 U.S.C. § 3582(c)(2). In defendant's case, the base offense level under U.S.S.G. § 2D1.1(c) (2008) would now be 30 rather than 32.

However, defendant was not sentenced under § 2D1.1 but rather under the career offender and armed career criminal guidelines, §§ 4B1.1 & 4B1.4. The Sentencing Commission has made no relevant changes to those guidelines. Thus, the Commission has not lowered the range under which defendant was sentenced. Courts have uniformly denied sentence reductions under § 3582(c)(2) to crack defendants sentenced as career offenders and/or armed career criminals. See, e.g., United States v. Thomas, 524 F.3d 889 (8th Cir. 2008); United States v. Tingle, 524 F.3d 839 (8th Cir. 2008); United States v. Dyson, No. 04-CR-92, 2008 WL 2945505 (E.D. Wis. July 28, 2008); United States v. Dawson, No. 4:96-CR-00114, 2008 WL 2874129 (E.D. Ark. July 21, 2008); United States v. Frederick, No. 8:02-cr-484, 2008 WL 2743605 (M.D. Fla. July 11, 2008); United States v. Biami, 548 F. Supp. 2d 661 (E.D. Wis. 2008) (collecting cases).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 21, 22) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

3