**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

 v.               **Case No. 01-CR-203, 02-CR-36**

**SOLOMON BANKHEAD,**
   **Defendant.**

## DECISION AND ORDER

  Defendant Solomon Bankhead moved to compel the government to file a second sentence reduction motion under Fed. R. Crim. P. 35(b), and I ordered the government to respond pursuant to United States v. Wilson, 390 F.3d 1003 (7th Cir. 2004). The Seventh Circuit subsequently held that a motion to compel was not the proper procedural vehicle for challenging the government's refusal to seek a post-sentencing substantial assistance reduction, but noted that such a motion "can be construed as a collateral attack on [the] sentence under 28 U.S.C. § 2255." United States v. Richardson, 558 F.3d 680, 681 (7th Cir. 2009).

  I therefore advised defendant that in order to consider his arguments I would re-characterize the motion as one under § 2255 and provided appropriate warnings under Castro v. United States, 540 U.S. 375 (2003) and Henderson v. United States, 264 F.3d 709 (7th Cir. 2001). Defendant agreed to the re-characterization of his motion and added no additional grounds for collateral relief.

  Because petitioner cannot show that the government's refusal to file another Rule 35(b) motion "'was based on an unconstitutional motive'" or was "'not rationally related to any legitimate Government end,'" he has not been deprived "of liberty without due process

of law." Richardson, 558 F.3d at 681 (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)). I therefore deny his motion.

## I. BACKGROUND

Defendant pleaded guilty to possessing a firearm as a felon and distribution of 50 grams or more of crack cocaine,[1] and on June 5, 2002, after concluding that he qualified as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and as a career offender under U.S.S.G. § 4B1.1, I sentenced him to 262 months in prison on each count to run concurrently. On July 25, 2005, the government filed a sentence reduction motion under Rule 35(b), in which it detailed defendant's post-sentencing cooperation. The government further indicated that one of defendant's girlfriends, working in concert with state authorities, had made a controlled buy, but because her cooperation was incomplete defendant would receive no consideration for her efforts. On August 23, 2005, I granted the government's motion and reduced the sentence by 4 levels to 168 months.[2]

On July 28, 2008, defendant filed a "Motion to Request Specific Performance," in which he stated that the government refused to file a second Rule 35(b) motion to extend him credit for the cooperation provided by his girlfriend. In its response, the government stated that, as indicated in its Rule 35(b) motion, at the time of the August 2005 hearing the girlfriend's cooperation was incomplete. The government told defendant that it would file just one Rule 35(b) motion and advised him to await the outcome of the girlfriend's efforts,

---

[1]The offenses were charged in separate indictments, but I consolidated the cases for disposition and sentencing.

[2]Defendant subsequently moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive crack cocaine guideline amendment, but I denied the motion because that amendment did not lower his career offender/armed career criminal guideline range. United States v. Bankhead, Nos. 01-CR-203, 02-CR-36, 2008 WL 3098544 (E.D. Wis. Aug. 4, 2008).

2

but defendant insisted on proceeding then.  Subsequent to the August 2005 Rule 35(b) hearing, police arrested the target of the girlfriend's efforts, she testified at the target's trial, but he was acquitted.  The government argues that defendant gave up the opportunity to seek further credit on this basis by proceeding before the girlfriend's cooperation was completed.[3]

## II. DISCUSSION

### A. Section 2255 Standard

Section 2255 permits a defendant to attack his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  As noted in Richardson, the government may deprive a defendant of liberty without due process of law if it refuses to file a Rule 35(b) motion based on an unconstitutional motive or for reasons unrelated to any legitimate governmental end.  558 F.3d at 681-82.

The district court is required to screen § 2255 motions pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings and may dismiss such a motion without holding a hearing if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief.  Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005).  Likewise, the court may deny the motion summarily if "the petitioner makes

---

[3] The government attached to its response a series of letters between counsel confirming these events.  Defendant does not contest the facts presented by the government or request an evidentiary hearing.

3
Case 2:02-cr-00036-LA   Filed 06/10/09   Page 3 of 6   Document 31

conclusory or speculative allegations rather than specific factual allegations." <u>Daniels v. United States</u>, 54 F.3d 290, 293 (7th Cir. 1995).

**B.     Analysis**

The government generally possesses broad discretion in deciding whether to file a substantial assistance motion. In the absence of a plea agreement requiring the filing of such a motion, it is the role of the prosecutor to assess the value of any assistance provided by the defendant and determine whether to seek a lower sentence. <u>United States v. Lezine</u>, 166 F.3d 895, 900-01 (7th Cir. 1999). As noted above, that discretion is limited only by the requirement that the decision not be based on an unconstitutional motive or on reasons unrelated to any legitimate governmental end. <u>See</u> <u>Wade</u>, 504 U.S. at 185-86.

Defendant alleges no unconstitutional motive in his case. Rather, he claims that the government agreed that his girlfriend could provide "third-party" assistance and promised that his efforts and her's would be used to obtain a sentence reduction. He cites a case holding that such "surrogate" cooperation may support a substantial assistance motion. <u>United States v. Doe</u>, 870 F. Supp. 702 (E.D. Va. 1994).

Defendant fails to specify the source of the government's alleged promise. His plea agreement contains no provision requiring the government to file a motion based on third-party or any other assistance.[4] There is thus no breach of the plea agreement here. Defendant provides no documents or other evidence of an enforceable promise, and the record contains no such evidence. Any promises that may have been made by case agents or state authorities with whom defendant's girlfriend worked cannot bind the

---

[4]As indicated above, the government <u>did</u> file a Rule 35(b) motion based on defendant's assistance, pursuant to which I reduced the sentence from 262 to 168 months.

4

government to file a motion.  See United States v. Friedland, 879 F. Supp. 420, 427 (D.N.J. 1995), aff'd, 83 F.3d 1531 (3rd Cir. 1996).

Thus, defendant is left with the claim that his girlfriend provided assistance, obligating the government to file a second motion based thereon.  This is insufficient.  See Wade, 504 U.S. at 186 (stating that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing").  Defendant's bald allegation that the government has exercised bad faith in not filing the motion is likewise insufficient.  "Bad faith" – assuming it provides a valid basis for compelling the government to act, cf. United States v. Santoyo, 146 F.3d 519, 523 n.3 (7th Cir. 1998) (citing United States v. Kelly, 14 F.3d 1169, 1177 (7th Cir. 1994); United States v. Smith, 953 F.2d 1060, 1065-66 (7th Cir. 1992)) – cannot be inferred from the mere failure to file a motion.  See Wade, 504 U.S. at 186 (rejecting claims based on "generalized allegations of improper motive").  Therefore, I find that defendant has failed to allege any facts demonstrating that the government has either violated an enforceable promise or the standard set forth in Wade.

Even if I were to conclude that defendant has a made a "substantial threshold showing," Wade, 504 U.S. at 186, I would deny the motion.  In its response, the government states that defendant was told just one Rule 35(b) motion would be filed, that he chose to proceed prematurely, and that he must now live with the consequences.  I cannot conclude that the government's decision lacks a rational relationship to a legitimate governmental end.  The government's decision here seems consistent with the "cost and benefit" analysis the Court endorsed in Wade, 504 U.S. at 187.  Courts have held that the government may ration substantial assistance motions based on case management concerns.  See, e.g., United States v. Maddox, 48 F.3d 791, 796-97 (4th Cir. 1995) (holding

5

that the government could offer a § 5K1.1 motion to whichever defendant pled first, and deny it to the second, in order to expedite the plea bargaining process). Defendant cites no case finding illegitimate a desire to resolve substantial assistance issues in a single rather than serial motions, and I have found none. The government operated in good faith, making its position quite clear.[5] Defendant cannot now be heard to complain.[6]

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of June, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[5] In the July 2005 Rule 35(b) motion, the government stated: "Defendant is aware that he will not receive consideration for this case as his girlfriend's co-operation is not complete." (Govt.'s Rule 35 Mot. at 9.)

[6] In its response, the government argues that defendant's motion is untimely. Defendant blames his lawyer. Because the motion fails for the reasons stated in the text, I need not address any timeliness issues.